## IN RE DENTON. IN RE GOOD.

[No. 10,024. Filed October 30, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Permanent Partial Disability.—Loss or Impairment of Member.*—Where, in an accident, an employe suffers the loss of a member or the destruction of a physical sense for which provision is specifically made by §31 of the Workmen's Compensation Act, Acts 1915 p. 392, or suffers an injury resulting in permanent partial disability for which provision is not specifically made by that section, compensation must be awarded under such section, and, when so awarded it is in lieu of all other compensation for the particular permanent partial disability, but the section does not by its terms exclude compen-

sation for other injuries sustained in the same accident for which provision is made by other sections of the act, nor does it purport to cover cases of the loss of two or more members of a particular class, unless the injury results only in a permanent partial disability.   p. 430.

2.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation.—Temporary Total Disability and Permanent Partial Disability.*—Where an employe, in one accident, suffers an injury producing a permanent partial disability, such as the loss of an arm or impairment in its use, and also a distinct injury resulting in temporary total disability, neither §31 of the Workmen's Compensation Act, Acts 1915 p. 392, governing awards of compensation for permanent partial disability, nor any other provision of the act, bars the injured employe from obtaining additional compensation for temporary total disability, as provided in §29.   p. 431.

3.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation for Concurrent Disabilities.—Payment.—Consecutive Running of Periods.*—Where an employe is entitled to compensation, under the Workmen's Compensation Act, Acts 1915 p. 392, for a permanent partial disability, governed by §31, and also for temporary total disability, under §29, the injuries being sustained in the same accident, compensation should be awarded at the rate of fifty-five per cent. of the average weekly wages, and the periods should run consecutively, but not to extend beyond 500 weeks, and the total amount of compensation should not exceed $5,000.   p. 438.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act in the matter of one Denton and one Good.   Certified questions of law by the Industrial Board.   *Questions answered.*

CALDWELL, J.—The facts in the Denton case pending before the Industrial Board, as certified to this court, are in substance as follows:   On September 2, 1915, Denton, an employe of the Union Hominy Company, suffered in one and the same accident the following physical injuries:   First, an injury to the left arm necessitating, and resulting in, its amputation above the elbow joint; secondly, a fracture of the sacrum, one of the pelvic bones.   The results of the fracture of the

sacrum have been as follows, as certified by the board: Denton was confined to his bed for nine months and to the hospital for twelve months. Since the accident and by reason of the fractured sacrum, he has continuously been unable to work. He is improving, and in all probability will be sufficiently recovered from said fracture to do work of a light character at the end of 100 weeks from the date of the injury, and at the end of 150 weeks from the date of the injury he will probably be completely recovered from the fracture. The circumstances are such as to entitle Denton to compensation under the Workmen's Compensation Act. (Acts 1915 p. 392). In our discussion of this case, we shall assume that probabilities are reduced to certainties, and that there was a partial recovery from the effects of the fracture at the end of 100 weeks, and that there will be a complete recovery at the end of 150 weeks, as indicated.

The facts in the Good case are in substance as follows: On May 15, 1916, Good, an employe of the Dairy Queen Manufacturing Company, suffered in one and the same accident the following physical injuries: First, dislocation of right elbow joint and certain fractures of the right arm and forearm, as a result of which there is a seventy-five per cent. permanent impairment of the use and function of said arm; secondly, a fracture of the surgical head of the right femur, as a result of which fracture of the femur Good was totally disabled for work for a period of twenty-two weeks. The circumstances are such as to entitle Good also to compensation under the Workmen's Compensation Act, *supra.*

Under the provisions of §31 of the Workmen's Compensation Act, *supra,* the Industrial Board propounds to this court the following question, seeking our opinion for guidance in determining said cases. 1. Is Denton

entitled to compensation for 200 weeks for the loss of his arm, and also to compensation for the period of disability beyond fourteen days resulting from the fracture of the sacrum? 2. Is Good entitled to compensation for the seventy-five per cent. permanent impairment of the use of his right arm, and also to compensation for the period of disability beyond fourteen days, resulting from the fracture of the femur?

In each of these cases we are required to deal with a permanent partial disability, based on the loss or impairment of a member, and also with a temporary total disability, based on an injury to a distinct member, both disabilities in each case resulting from injuries suffered in one and the same accident. While it is probable that the injury in each case that resulted in such permanent partial disability contributed also to produce total disability for a time, the statement of facts is to the effect that the fracture of the sacrum in the one case and the fracture of the femur in the other case produced such total disability.

Section 31 of the Workmen's Compensation Act, *supra,* is in part as follows: "For injuries in the following schedule the employe shall receive in lieu of all other compensation a weekly compensation equal to fifty-five per cent. of his average weekly wages for the periods stated against such injuries respectively, to-wit: (a) For the loss by separation of not more than one phalange of a thumb * * * 15 weeks. * * * (h) For the loss by separation of one arm at or above the elbow joint 200 weeks. * * * In all other cases of permanent partial disability *. * * compensation in lieu of all other compensation shall be paid when and in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of average weekly wages per week for a period of two hundred weeks."

It will be observed that §31 deals only with injuries

which result in permanent partial disability: First, with such a disability based on the loss of a member, as one thumb, finger, arm, eye, etc., or the destruction of the physical sense of hearing. For such a disability based on the loss of a member or the destruction of such physical sense, specifically mentioned, there is provided in each case a fixed period of compensation ranging from fifteen weeks to 200 weeks. The section recognizes that there may be cases of permanent partial disability other than those based on injuries specifically mentioned, as, among others, the loss of more than one member of a given class, or the permanent impairment of a member, and as to any such other case the section authorizes the board to fix the period of compensation not exceeding 200 weeks, however. Compensation when so fixed is exclusive of all other compensation for the specific injury that results in permanent partial disability, even though such injury results immediately in temporary, but not permament, total disability. Where, in an accident, an employe suffers the loss of a member or the destruction of a physical sense for which provision is specifically made by §31, or suffers an injury resulting in permanent partial disability for which provision is not specifically made by said section, compensation must be awarded under that section, and when so awarded it is "in lieu of all other compensation" for the particular permanent partial disability. The section does not by its terms exclude compensation for other injuries suffered in the same accident for which provision is made by other sections of the act (*Marhoffer* v. *Marhoffer* [1917], 220 N. Y. 543, 116 N. E. 379), nor does it purport to cover cases of the loss of two or more members of a particular class, as two eyes, two hands, two or more fingers, etc., unless the injury results only in a permanent partial disability. In the latter case the

general provisions of the section are applicable. Specifically, Denton is entitled under §31 to compensation for 200 weeks for the loss of his arm, and Good under that section is entitled to compensation for such reasonable time as may be fixed by the board for the permanent partial impairment of his arm, but there is nothing in the terms of §31 that excludes the former's right to compensation based on the disability caused by the fracture of his sacrum, or the latter to compensation based on the disability resulting from the fracture of his femur.

It is apparent from a consideration of the act that had Denton suffered no other injury than the fractured sacrum, and Good no other than the fractured femur, resulting in each case in a temporary total disability, as certified by the board, each would be entitled to compensation under certain sections of the act other than §31. If, then, Denton and Good are not entitled to compensation respectively for the temporary total disability involved in the case of each respectively, it must be by reason of the permanent partial disability also involved and the compensation provided therefor by §31. It will be observed that the period of total disability in the Denton case, resulting from the fractured sacrum, is shorter than the period of compensation fixed by §31 for the loss of Denton's arm, and also that in the Good case, the period of total disability resulting from the fractured femur is shorter than the period of compensation that might reasonably be expected to be determined by the board under the general provision of §31 for a seventy-five per cent. permanent impairment of an arm. Under such circumstances, we have determined that §31 does not by its terms purport to bar either Denton or Good from compensation based on the temporary total disability involved in his case. We proceed to the ques-

tion whether any provision found elsewhere in the act or whether its general spirit has such effect.

Section 31, as we have said, is confined to cases of permanent partial disability. It covers all cases of that class. Section 29 deals with all cases of total disability, both permanent and temporary, excepting, however, a temporary total disability that might result from an injury that comes within the provisions of §31, resulting ultimately in a permanent partial disability. Section 29 is to the effect that there shall be paid to the injured workman during total disability, exclusive of the first two weeks, a weekly compensation equal to fifty-five per cent. of his average weekly wages for a period not to exceed 500 weeks. We construe §30 as applicable only to cases of temporary partial disability. Otherwise it is in conflict with the general provisions of §31. Section 30 is to the effect that in cases of partial disability, the injured workman shall be paid "during such disability," exclusive of the first two weeks, but for a period not exceeding 300 weeks, a weekly compensation equal to half of the difference between his "average weekly wages" and the weekly wages at which he is actually employed after the injury. Sections 33 and 35 deal with successive permanent partial disabilities. The former is to the effect that where, in an employment, a workman receives a permanent injury, and subsequently in some other employment he receives another permanent injury, such as is specified in §31 (and consequently a partial injury), he shall be entitled to compensation for the latter in the same amount as if the previous injury had not occurred. The latter section is to the effect that where a workman receives a permanent partial injury, and subsequently receives in the same employment another permanent partial injury, the two injuries not amounting to total permanent disability, he shall be entitled to compensation for

both injuries payable by extending the period rather than by increasing the weekly compensation. Section 34 we construe as follows: Where, while a workman is receiving or is entitled to compensation for some injury, he suffers in the same employment a subsequent injury for which compensation is payable, the injury in neither case being a permanent partial injury such as is covered by §31, "he shall not at the same time be entitled to compensation for both injuries * * * but he shall be entitled to compensation for that injury, and from the time of that injury which will cover the longest period and the largest amount payable under this act."

There is no other section of the act that deals with the subject of the amount and period of compensation for injuries resulting in disability. It is apparent that there is no section directed specifically to such a situation as we have here, where in one and the same accident a workman suffers an injury producing a permanent partial disability such as comes within the provisions of §31, and also a distinct injury resulting in a temporary total disability. Section 31 plainly requires that compensation be awarded for the former. Section 29 just as plainly requires that compensation be awarded for the latter were the situation not complicated by the existence of the former. What is there in either the letter or the spirit of the act that denies compensation for the latter disability based on the mere fact that it arose and existed in conjunction or contemporaneous with the former?

Like questions have been considered by courts of other jurisdictions, operating under statutes similar to, but not identical with, ours. The New York act provides as the sole rate of compensation applicable to all cases two-thirds of the average weekly wages of the

workman involved.  As in case of our act, there are certain fixed periods of compensation specified for certain permanent partial disabilities, as the loss of a hand, etc., the period being flexible within limits as to other disabilities, but no compensation being allowed for the first two weeks thereof.  In *Fredenburg* v. *Empire United Rys.* (1915), 168 App. Div. 618, 170 App. Div. 942, 154 N. Y. Supp. 351, a workman suffered the loss of a foot resulting in a permanent partial disability.  For such an injury the New York act specifies 205 weeks as the compensation period.  In the same accident, the workman suffered other injuries sufficiently serious to disable him totally for sixteen weeks, such injuries not belonging to the class for which fixed periods of compensation were provided.  There the Appellate Division of the Supreme Court held that it was proper to award compensation for 205 weeks based on the loss of the foot, but improper to award concurrent compensation based on disability resulting from such other injuries, since to do so would be awarding compensation in excess of the statutory rate of two-thirds of the average weekly wages per week.  It is intimated, but not decided, that if at the end of the period of 205 weeks, disability on account of such other injuries should continue, the workman might be entitled to a further award based on such continued disability.  In *Marhoffer* v. *Marhoffer, supra,* a workman suffered the loss of a finger, resulting in a permanent partial disability, for which the New York act specified a compensation period of thirty weeks.  In the same accident the workman received other injuries resulting in a total disability continuing ten weeks.  The industrial commission awarded compensation for eight weeks, based on the latter disability, and also thirty weeks' additional compensation, based on the former disability, to begin at the expiration of the eight-week period.  The Court

of Appeals, three justices dissenting, reversed the order of the Supreme Court affirming the award, holding that compensation was improperly awarded for the temporary total disability, and dismissing that claim. The court said: "Concurrent awards and consecutive awards based on separate items of physical impairment, disconnected from earning power, alike ignore the fundamental principle that the basis of compensation is a sum payable weekly for a fixed time during which the employe is actually or presumptively totally or partially disabled and non-productive."

*Limron* v. *Blair* (1914), 181 Mich. 76, 147 N. W. 546, Ann. Cas. 1916C 1108, is practically to the same effect as the New York decisions. See criticism in 5 N. C. C. A. 866, note. The New York and Michigan acts are similar to ours in that by each of such acts there is provided but a single rate of weekly compensation applicable to all cases of total disability and permanent partial disability. Such rate under the New York act is 66 2/3 per cent. of the average weekly wages; under the Michigan act, fifty per cent., and under the Indiana act fifty-five per cent. Under each of such acts the compensation period for certain permanent partial disabilities as those resulting from the loss of a foot, or a hand, etc., is specifically fixed, while for injuries resulting in total disability, compensation continues during disability, within certain limits, however, as 500 weeks in Michigan and Indiana. Our interpretation of the decisions to which we have referred is as follows: Where a workman suffers a single injury, such as the loss of a foot, resulting in fact in a permanent partial disability, and for which the governing act fixes a definite and certain period of compensation, as 125 weeks in Michigan, and 205 weeks in New York, the law assumes the equivalent of a total disability for the specified period regardless of the actual duration of the total disability,

that as a consequence, force being given to such assumption, the workman is entitled to compensation for the specified period, although the actual period of total disability is but a few weeks, or many weeks, or during all or more than such specified period; that, if in the same accident, the workman suffers other injuries belonging to a class for which specific periods of compensation are not provided by the act, and if the latter injuries result in total disability for all or a substantial part of the compensation period specified for the former injuries, yet for the latter injuries the workman is not entitled to additional compensation, because the compensation for the former injury is awarded on the assumption of a total disability continued for the specified period, and that as a consequence the assumption embraces the actual total disability resulting from the latter injury; that if the latter injury acting alone or in conjunction with the former results in disability extending beyond the period specified for the former, the workman is entitled to compensation during such disability not exceeding, however, the maximum period fixed by the act.

We are unable to harmonize these decisions with our act. Section 31 provides that for certain injuries there shall be awarded compensation for certain periods definitely fixed, as 200 weeks for the loss of an arm, and for other cases of permanent partial disability, as the permanent impairment of an arm, compensation shall be paid for a period not exceeding 200 weeks, and that compensation so awarded shall be in lieu of all other compensation for the particular injury. This section deals with such injuries not from the standpoint of any total disability that may result temporarily or any disability that may continue through the period fixed by the section, but from the standpoint of the consequent permanent disability, and resulting diminution in earn-

ing power extending through life. The specific portions of the section assume that from the respective scheduled injuries a handicap of a certain gravity will result, for which compensation is arbitrarily fixed, regardless of the actual disability and loss of capacity. Where a workman suffers an injury covered by §31, he is entitled to the compensation fixed by that section, not because of the actual extent of the resulting disability, but because the section so declares. It is possible for a case to arise where the loss of an arm, in the absence of other injuries, may by reason of complications totally disable a workman for more than 200 weeks. His compensation, however, under §31, his total disability not being permanent, would be limited to 200 weeks. It is possible, however, in case of such an injury, that the workman may in a short time be able to follow some line of work in which he may be able to earn substantial wages, possibly equal to his former wages. Nevertheless, under §31, he would be entitled to compensation for 200 weeks, although during a considerable portion of that time he was earning or receiving substantial wages. Such are the limits of the workman's rights under §31. In the same accident, a workman may, as here, suffer not only an injury for which compensation is payable under §31, but also some other injury for which, if it occurred alone, compensation would be awarded under §29. As we have said, the former injury might produce actual loss of earning power for but a short time. The latter, however, of its own force, or in conjunction with the former, might produce total disability terminating only at the expiration of the compensation period fixed by §31 for the former injury, as 200 weeks for the loss of an arm. If it be held that in the assumed case the fact that the workman, under §31, is entitled to compensation for 200 weeks, based on the former injury, shall

deprive him of all compensation based on the latter injury, it appears to us that there is denied the workman a substantial benefit to which he is entitled under the act, and that thereby the "in lieu of all other compensation" provisions of §31 are not confined to injuries covered by such section, but that their scope is extended to injuries for which compensation is provided by §29.

Possibly a workman's compensation act might appear more logical and scientific, possibly more in harmony with a sound economic policy, if compensation in all cases were measured by actual disability and loss of earning capacity, regardless of the nature and number of distinct injuries from which it resulted. Such a construction of our act would force us to ignore §31.

We conclude that both the submitted questions should be answered in the affirmative.

A further problem suggested by, but not included in, the questions submitted, is as follows: Where, as here, compensation must be awarded for two distinct

3.   injuries, suffered in the same accident, should the periods of compensation run concurrently or consecutively, under our act? Specifically directing our attention to the Denton case, Denton, as we have said, is entitled to compensation for 200 weeks under the provisions of §31, based on the loss of his arm. It will be the duty of the board to determine as a fact the duration or probable duration of disability produced by the fracture of the sacrum considered apart from his other injury, and thus to determine the period of compensation based on that injury. Such period will apparently be shorter than that fixed for the loss of the arm. The question then is, Should the board award to Denton double compensation—that is, 110 per cent. of his average weekly wages for the shorter period, and single compensation, that is, fifty-five per cent. of his average weekly wages for the residue of the longer period—or

should the two periods be aggregated, the one following the other in effect, and compensation be awarded at the fifty-five per cent. rate for the aggregated period? Our act does not specifically answer this question. We are therefore required to gather from its provisions its general spirit and intent.

It will be observed that with the possible exception of cases of temporary partial disability governed by §30, and cases governed by the latter part of §37, the act fixes but one rate of compensation applicable to all injuries, regardless of the degree or duration of disability. That rate is fifty-five per cent. of the average weekly wages. This rate at any event is the limit of weekly compensation fixed by the act. The amount of compensation is graduated to the quality and quantity of disability by providing a flexible period. The extreme of the period, however, is fixed by §29 at 500 weeks, and the extreme amount of compensation is limited by §40 to $5,000. This rate of compensation is provided by §29 for cases of total disability, by §31 for cases of permanent partial disability, and by §37 for cases of death resulting from injuries, there being persons totally dependent. Evidently there is back of the act a legislative intent to provide for the injured workman and those dependent on him a weekly compensation sufficient to ward away want, and at the same time to foster a spirit of frugality that, if possible, a subsequent period of destitution may be averted. The purpose was to provide a weekly payment as small as reasonably possible, its smallness to be compensated by a period made as long as reasonably possible. Such intent is indicated, among other particulars, by the provisions of §43, forbidding compensation in a lump sum, except under special circumstances, and then only by action of the board; also by the terms of §35 to the effect that where a workman is entitled to compensation

for more than one injury under that section, "the total compensation shall be paid by extending the period, and not by increasing the amount of weekly compensation."

To determine that in cases such as are involved here the periods of compensation should run concurrently would, in our opinion, violate the spirit and purpose of the act. It is therefore our judgment that in such cases compensation should be awarded at the fifty-five per cent. rate, and that the periods should run consecutively, but not to extend beyond 500 weeks, and that the total amount of compensation should not exceed $5,000.

NOTE.—Reported in 117 N. E. 520. Workmen's compensation: total or partial disability, recovery, L. R. A. 1916A 136, 254, L. R. A. 1917D 167. See also note *ante* 365.