STANDARD CABINET COMPANY *v.* LANDGRAVE.

[No. 11,141.   Filed November 4, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Second Appeal.—Questions Reviewable.*—On a second appeal from an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), *held* that the question as to whether there was an injury by accident arising out of and in the course of employment was not decided by implication in favor of claimant on the first appeal, where on such appeal the word of compensation was set aside solely because there was no finding that the employer had the statutory notice, which cause was, independent of any other question, sufficient to warrant a reversal.   p. 594.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of and in Course of Employment.—Occupational Disease.*—Where one who had been employed as a carpenter for nineteen years developed brusitis, or "housemaid's knee," as a result being on his knees polishing and scraping floors for six or seven days before he became disabled, the injury, even though an occupational disease was one due to an accident arising out of and in the course of the employment, within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), an accident being an unlooked for mishap, or untoward event not expected or designed.   p. 595.

3. MASTER AND SERVANT.— *Workmen's Compensation Act.— Total Temporary Disability Resulting in Permanent Partial Disability.— Measure of Compensation.—* Under §31 of the

Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), where temporary total disability resulted from an injury which produced permanent partial disability, the Industrial Board was not authorized to include, in an award for the latter, an additional award for temporary total disability. p. 596.

4.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Evidence.—Weight and Sufficiency.*—On appeal from an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the court will not weigh the evidence, and where there is some evidence to sustain the award, it is sufficient. p. 597.

From Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Philip D. Landgrave against the Standard Cabinet Company. From an award for applicant, the defendant appeals. *Reversed.*

*Joseph W. Hutchinson,* for appellant.

*Charles R. Hughes* and *Turner, Merrell & Locke,* for appellee.

NICHOLS, P. J.—This is the second appeal in this cause, the opinion reversing the first award being reported in 73 Ind. App. 625, 128 N. E. 358.

Appellee contends that the question as to whether there was an injury by accident arising out of and in the course of the employment is not open for review on this appeal, for the reason that it was presented by appellant on the first appeal, and was decided by necessary implication. But we are not in harmony with this contention. A failure to find that appellant had notice, as required by the statute, was fatal to the award, and the question being properly presented on appeal was independent of any other question sufficient to reverse the award. It is apparent that this court gave no consideration to the question, as to whether the injury was by accident arising out of and in the course of the employment. Had it done so, and had

it reversed the award because of a failure of finding or proof on that question, additional evidence could have been heard at the second hearing, as on the question of notice or knowledge.

We proceed, then, to determine the question as to whether appellee received a personal injury that entitled him to compensation under the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918).

It appears by the evidence that appellee had been in the employ of appellants for about nineteen years as a carpenter. At the time of his injury he had been

2. polishing and scraping floors for six or seven days in the home of the president of appellant company. This required him to work on his knees. His knee had been paining him some for a few days before April 23, 1919, and upon that date he had a chill and had to go home, and was wholly disabled from work for about twenty weeks. His physician testified that he treated his knee for brusitis which is sometimes called "housemaid's knee," a name given to it because it is an injury common to housemaids and resulting from being on their knees when scrubbing floors. That his injury was caused by being on his knees and scraping floors is a reasonable inference from the evidence, and justifies the finding of the Industrial Board that on April 23, 1919, appellee received a personal injury by accident arising out of and in the course of his employment. Appellant contends that appellee is suffering from an occupational disease and that his ailment cannot be classed as an injury resulting from an accident. But, we need not consider whether such disease is or is not an occupational disease, for if it be conceded that it is in the nature of such, compensation may nevertheless be allowed, if it is contracted under such conditions as to constitute an accidental injury, as found

in this case.    It has been repeatedly held by this court, that the words "by accident arising out of and in the course of employment," as used in the Workmen's Compensation Act, *supra*, should be liberally construed in harmony with the humane purposes of the act, and that the word "accident" means an unlooked for mishap or untoward event not expected or designed.    It cannot be contended that the injury suffered by the appellee was other than an untoward event.    For nineteen years his occupation as a carpenter in the employ of appellant had not developed the disease.    The most of his work had been, not scraping floors, but general carpentering and repairing, but only a few days before, he was finally disabled, and his knee began to pain.    He had no warning of the approach of his disability and no knowledge that he had brusitis till his physician informed him. An instructive interpretation of the meaning of the word "accident" and its application under the Workmen's Compensation Act, *supra*, is found in *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519.    See also, *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555, and *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276.

It is next contended by appellant that even if it be conceded that there was a right of recovery, the Board was not authorized by law to include, in an 3.    award on account of permanent partial disability, an additional award for temporary total disability where the temporary total disability relates solely to the condition resulting in permanent partial disability, the positive mandate of the law being that the award for permanent partial disability shall be "in lieu of all other compensation."    Appellant bases this contention upon the provisions of the Acts 1915 p. 392, 400, *supra*, and the case of *In re Denton* (1917), 65 Ind.

App. 426, 117 N. E. 520, construing §31, Acts 1915 p. 392, *supra,* together with other sections of said act. The Industrial Board in this case finds that appellee "received a personal injury by an accident arising out of and in the course of his employment, as a result of which he was totally disabled for work for a period of twenty weeks and suffered permanent impairment of his right leg, which together with the period of disability, would entitle him to forty weeks compensation."

It is contended by appellant that the total disability for a period of twenty weeks was the result of the same injury that produced the permanent impairment of his right leg, and that therefore recovery must be for a permanent impairment only excluding from the amount of recovery that which was given because of the total disability. There is merit in this contention. It is clear, from the evidence, that the total disability resulted from the same injury as resulted in permanent partial disability, and under the law, then in force as decided in the Denton case, *supra,* there can only be a recovery for twenty-one weeks being for the permanent partial impairment of the right leg.

As to the question of notice or knowledge—while in view of the seeming contradiction in appellee's evidence as to notice or knowledge as given in the original hearing, and as given in the hearing upon review, we might in weighing the evidence have found against the appellee, yet appellee's testimony at the last hearing, that about ten days after his accident he informed the appellant's president of the injury and its cause, was some evidence of notice to appellant and this court will not weigh the evidence.

The award is reversed with instructions to the Industrial Board to modify its award in harmony with this opinion.

McMahan, J., not participating.