. DENASOFF *v.* FOUNDATION COMPANY ET AL.

[No. 12,745. Filed March 11, 1927. Rehearing denied June 10, 1927.]

1. MASTER AND SERVANT.—*Section 45 of Workmen's Compensation Law not applicable to permanent partial impairment.*— The provision of §45 of the Workmen's Compensation Act (§9490 Burns 1926) authorizing the Industrial Board to modify, an award or agreement for compensation because of a change in condition of an injured employee is not applicable where his injury resulted in a temporary total disability nor in a permanent partial impairment beginning with the injury, as there would be no change in condition. p. 274.

2. MASTER AND SERVANT.—*Compensation for total disability does not include compensation for "permanent impairment."*—An agreement between an employer and an injured employee for compensation for total disability because of the loss of an eye does not include any compensation for "permanent impairment" as defined in the Workmen's Compensation Act (§§9446-9522 Burns 1926). p. 274.

3. MASTER AND SERVANT.—*Injured employee may file claim for compensation for "permanent impairment" within two years after injury notwithstanding, former award for total disability.*

—An injured employee who has been awarded compensation for temporary total disability and is entitled to compensation for permanent partial impairment, existing from the time of the injury, may make application for compensation for the impairment at any time within two years after the injury, under §24 of the Workmen's Compensation Act (§9469 Burns 1926), although more than a year after the disability ceased (*In re Hogan*, 75 Ind. App. 53, overruled). p. 274.

4. MASTER AND SERVANT.—*Compensation for "permanent impairment" computed from date of injury, but subject to deductions for payments on former award for disability.*—Compensation for "permanent impairment" under the Workmen's Compensation Law, awarded after compensation had been paid for temporary total disability, should be computed from the date of the injury, but the employer would be entitled to credit for payments made on former award for disability. p. 276.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Nick Denasoff, opposed by the Foundation Company and another. From a decision of the Industrial Board that it had no jurisdiction, the plaintiff appeals. *Reversed.* By the court in banc.

*Aladar H. Hamborsky* and *Dale F. Stansbury,* for appellant.

*Jones & Obenchain,* for appellees.

NICHOLS, J.—Proceedings before the Industrial Board of Indiana, by which appellant sought an award against appellee for the total and permanent loss of vision of one eye, caused by an injury received in the course of his employment while an employee of appellee, The Foundation Company, on September 23, 1924.

.It appears that appellant had, on October 14, 1924, signed a compensation agreement by the terms of which he was to receive $13.20 per week during the period of total disability on account of such injury. This agreement contained no provision for the payment of compensation during any period of partial disability or

permanent impairment which might ensue. On the same day, he executed a final receipt for $23.63, containing the admission that total disability had ceased on October 12, 1924. On January 20, 1926, appellant filed his application here involved for the adjustment of his claim for compensation, alleging a total permanent loss of vision of his left eye as a result of said accident. The board, by a majority thereof, found that it had no jurisdiction of the case and that appellant was not entitled to compensation because of the fact that more than one year had elapsed after his total disability had ceased and he had signed an agreement in full therefor, before filing such application.

The question of law which we are called upon to determine is, where an employee, who, at the time, was suffering from a partial permanent impairment as the result of a compensable accident, signed an agreement providing for payment of compensation during total disability only, and a receipt admitting that such total disability had ceased and who, at a time more than one year thereafter, but within two years after his injury, filed his application with the Industrial Board for adjustment of his claim for compensation because of partial permanent impairment, did the board then have jurisdiction to hear such application and award compensation for such permanent partial impairment, the same not having been provided for in the original agreement and award. If the board had such jurisdiction, this cause must be reversed, otherwise affirmed.

Section 45 of the Workmen's Compensation Act, being §9490 Burns 1926, provides that the jurisdiction of the Industrial Board shall be continuing, and that, 1-3. from time to time, it may, upon its own motion, or upon the application of either party, on account of change of condition, make such modification or change in the award of an injured employee as it

may deem just within the compass of the act, but this section can have no application to the circumstances here involved for the reason that there was no change in condition involved. The agreement between the parties called for compensation at the rate of $13.20 per week during total disability. This agreement was filed with and approved by the Industrial Board and at the same time there was filed with the board a receipt of the employee in final settlement acknowledging the receipt of $22.63. This was compensation only for appellant's loss because of total disability. Total disability ceased at that time, but not so as to appellant's impairment. Appellant, by his application, alleged that, as a result of the accident, he sustained a permanent loss of vision in his left eye, and this impairment, beginning with the injury, continued, of course, after the total disability had ceased. This was not included in the agreement for compensation because of total disability. The board could not grant compensation therefor by any modification of the original award, for there had been no change in condition. The condition of permanent impairment existed from the time of the accident, and not having been included in the award, which was for total disability, it was the basis for an independent application for compensation and, therefore, governed by the two year statute of limitation, and not by the one year statute. While compensation for the permanent impairment should commence at the time of the injury, the employer, of course, was entitled to credit, under the provisions of §41 of the Compensation Act, for such payments as have been made because of disability. Appellee relies on the case of In re Hogan (1921), 75 Ind. App. 53, 129 N. E. 633, but that case, so far as it applies to the question here involved, has been overruled in the case of Zeller v. Mesker (1927), 85 Ind. App. 659.

4.    We hold that the Industrial Board had jurisdiction to try and determine appellant's application.    The award is reversed.

Dausman, J., absent.