FLINN *v.* HARTLEY.

[No. 14,845. Filed March 31, 1933.]

*H. N. Hipskind,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright,* and *Jacob S. White,* for appellee.

CURTIS, C. J.—This is an appeal from an award of the full Industrial Board of Indiana.

The undisputed facts are that the appellant, Roy E. Flinn, while working for the appellee, Will H. Hartley, suffered personal injuries as the result of an accident occurring in the course of his employment on June 12, 1930; that after the injury the parties entered into an agreement for the payment of compensation by which the appellee was to pay and by which appellant agreed to accept compensation at the rate of $16.50 per week during total disability, not exceeding the period fixed by law. This agreement was on the form prescribed by the Industrial Board and was filed with and duly approved by the Board on June 30, 1930. Under this agreement compensation was paid to the appellant until April 28, 1932, at which time the appellant and appellee disagreed as to the extent of the permanent impairment sustained by appellant from his injuries. On May 2, 1932, the appellee filed with the Board an application for a review on the form prescribed by the Board, alleging therein that the appellant's injuries had resulted in a permanent partial impairment. On June 17, 1932, a hearing was held on this application before a single member of the Industrial Board who entered a finding and award that appellant had suffered a 50% impairment

of his right arm below the elbow, and awarded the appellant 100 weeks compensation, subject to a credit for the payments made by appellee during the period of appellant's total disability. The appellant filed an application for a review by the full board of said award, and on October 17, 1932, the full board found that as a result of the injuries suffered by appellant he had sustained a 20% permanent impairment as a man and awarded him 100 weeks compensation, with credit to the appellee for payments made during the period of appellant's temporary total disability. It is from this finding and award of the full Industrial Board that appellant has prosecuted this appeal.

The errors relied upon by appellant for reversal are as follows: "(1) The Industrial Board of Indiana erred in denying the appellant's verified petition to introduce additional evidence at the hearing before the full Industrial Board upon review. (2) The award of the Industrial Board of Indiana is contrary to law. (3) The award of the Industrial Board of Indiana is not sustained by sufficient evidence."

The error assigned that the award of the full board is contrary to law is a sufficient assignment of error to present all questions sought to be presented in this appeal. See §61 Indiana Workmen's Compensation Act, Acts 1929, p. 537.

Section 60 of the compensation act, supra, provides that upon review by the full Industrial Board, said Board "shall review the evidence, or if deemed advisable, hear the parties at issue, their representatives and witnesses. . . ." In interpreting the above quoted provision of the law this court has held that it is a matter within the sound discretion of the Board as to whether, upon the showing made, it will permit the introduction of further evidence, and its action in that regard is not subject to review by this

Court unless the record shows an abuse of this discretion. This, we think, is the correct construction to be placed on the law. See *Riley* v. *Hunt et al.* (1927), 85 Ind. App. 647, 155 N. E. 523; *Bimel Smoke, etc., Company* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Consumers Company* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832.

We have examined the record in connection with the showing made by the appellant as to the additional evidence sought to be introduced by him before the full board and we are of the opinion that the sound discretion of the board was not abused. The evidence sought to be introduced was cumulative.

The appellant complains next of the finding of the board that the appellant "has sustained a 20% permanent impairment of the man as a whole." Several doctors gave evidence, three being called by the appellant and one being called by the appellee. This evidence is not much in conflict. From an examination of all of the evidence it is apparent that the appellant claimed an impairment of both of his arms and also an impairment resulting from a tumor in the abdominal region. In speaking of the tumor, one of the doctors called by the appellant, in effect, said that the appellant complained about a tumor around the abdomen. "I examined it. That is just a little fatty tumor. It would not interfere with his working." Dr. Mumford, who was called by the appellee, testified that he had examined the appellant on several occasions with reference to his injuries; had at one time found a tumor mass which he diagnosed as a ganglion or soft tumor about the tendon of the forearm. At a later examination he also found a small tumor about the abdomen, but that it is not disabling. Dr. Mumford was asked this question: "Now, Doctor, assuming that he has some pain in the left wrist as he says he has, and considering that, together with your findings relative to the injury of the right wrist,

could you give us an estimate as to how much he is impaired as a man for all purposes, if he has pain in the left wrist," to which he answered as follows: "Well, I think you would have to base that almost entirely on the loss of function on his right hand, but granting him some pain in his left hand, I would estimate probably fifteen to twenty per cent to the man as a whole."

We do not deem it necessary to comment further on the evidence than to say that there was certainly some competent evidence upon which the Board could make the finding which it made. It is elementary that under such circumstances this Court will not weigh the evidence nor will it substitute its judgment for the judgment of the Board.

The finding of the Board in the instant case was under clause "h" of Section 31 of the compensation act, supra, which is as follows: "In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred weeks" shall be awarded. We have heretofore held that where an award is made under clause "h," it shall be in lieu of all other compensation on account of the employee's injuries and that it is proper to make the deductions for compensation previously paid. See *Standard Cabinet Company* v. *Landgrave* (1921), 76 Ind. App. 593, 132 N. E. 661; *Zeller* v. *Mesker et al.* (1927), 85 Ind. App. 659, 155 N. E. 520; *Johnson* v. *Cole* (1928), 87 Ind. App. 678, 161 N. E. 700; *L. B. Roush* v. *W. R. Duncan & Son et al.* (1933), ante 122, 183 N. E. 410; *William J. Bickel* v. *Ralph Sollit & Sons Construction Company* (1933), 97 Ind. App. 57, 184 N. E. 196.

The award of the full board is not contrary to law and it is affirmed.

Award affirmed.