SNOW HILL COAL CORPORATION *v.* COOK

[No. 18,362.   Filed December 4, 1952.   Rehearing denied
December 31, 1952.   Transfer denied February 3, 1953.]

*Will H. Hays, Hinkle C. Hays, John S. Taylor, J. Olias Vanier, John T. Hayes, Garza Baldwin, Jr., George E. Taylor, William M. Evans, William P. Evans,* all of Sullivan, for appellant.

*Paul P. Boyle,* of Terre Haute, for appellee.

WILTROUT, J.—The question here is as to the compensation an employee should receive under the Workmen's Compensation Act when an injury results in temporary total disability and also permanent disfigurement.

The entire evidence consists of a stipulation made at the hearing before a single member of the Industrial Board, the stipulation being as follows:

> "It is stipulated and agreed by and between the parties that on May 17, 1951, plaintiff received an injury from an accident arising out of and in the course of his employment, of which defendant had knowledge and furnished the medical treatment; that the accident was a gas explosion severely burning hands, arms, face, neck, back and buttocks of plaintiff; that on June 4, 1951, plaintiff and defendant entered into a Form 12 agreement wherein it was agreed the average weekly wage of plaintiff at the time of said injury was $45; that he should be paid compensation at the rate of $27 per week during total disability not exceeding the period fixed by law, beginning May 24, 1951, and employer should furnish the necessary and reason-

able surgical, medical and hospital expense for the first 180 days; that said agreement was approved by the (Industrial Board) June 9, 1951; that the total disability of plaintiff resulting from said accident ended on September 30, 1951; that on October 3, 1951, plaintiff executed his Form 28 receipt wherein he stated his disability ended September 30, 1951; that he had been disabled 137 days and had received compensation in the total amount of $528.43; that, thereafter, plaintiff and defendant disagreed on the question of the amount of compensation to which plaintiff may be entitled by reason of permanent disfigurement and following said disagreement, plaintiff on January 29, 1952, filed his Form 14 application for review of said award on account of a change in conditions on the ground that said injury had resulted in a permanent disfigurement that impairs the future usefulness and opportunities of the plaintiff.

"It is further stipulated and agreed that there has been a change in conditions in this, to-wit: that the condition of the parts of plaintiff's body injured and disfigured in said accident has become permanent and that plaintiff has sustained a permanent disfigurement to the extent of 60%."

Thereupon the hearing member asked: "One hundred twenty weeks at $27.00 per week?" The question remained unanswered.

After finding the facts generally in accordance with the stipulation an award was entered of compensation at the rate of $27.00 per week, beginning on the date of the injury, for a specific period of one hundred twenty weeks, for a 60% permanent disfigurement of appellee. No provision was made for a credit upon this award of the amount previously paid appellee during his period of temporary total disability. Whether appellant is entitled to such credit is the question here.

Upon appellant's application this award was reviewed by the Full Industrial-Board, which entered a similar award.

Appellee argues that the stipulation was an agreement to the effect that no credit was to be given, and that the full board should not have entertained an appeal from the award of the single member. We do not so construe it. The stipulation contains no reference as to whether or not credit is to be given. The parties merely agreed to the facts of the case and it thereupon became the duty of the Industrial Board to apply the law to these facts. The unanswered question of the hearing member did not alter the situation.

Whether or not appellant is entitled to the credit involves an interpretation of §31 of the Workmen's Compensation Act as amended in 1951, Burns' Stat., §40-1303.

The compensation schedule for particular results of injuries has received attention from the legislature on several occasions, but has always been numbered as §31. The section prior to 1947, began with the words, "For injuries in the following schedule, the employee shall receive in lieu of all other compensation. . . ." Then followed a provision for compensation equal to a fifty-five per cent of the employee's average weekly wage for a stated number of weeks for each of the specific harms listed in the lettered subsections, including disfigurement.

The enactment of 1929, added a proviso to the subsection concerning permanent disfigurement (§31 (i)) : "Provided, further, that where compensation for temporary total disability has been paid, this amount of compensation shall be deducted from any compensation due for permanent disfigurement." This proviso was a redundancy, and was omitted from the Act in 1947. The other subsections, each of which related to other harms, did not contain

such a proviso. Nevertheless, it was consistently held that where compensation was granted for a harm listed in one of the other subsections of the schedule it was "in lieu of all other compensation" on account of the injury and it was proper to make deductions or allow credit for compensation previously paid. *Calumet Paving Co.* v. *Butkus* (1943), 113 Ind. App. 232, 47 N. E. 2d 829; *Trustees of Indiana University* v. *Rush* (1934), 99 Ind. App. 203, 192 N. E. 111; *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915; *Roush* v. *W. R. Duncan & Son* (1933), 96 Ind. App. 122, 183 N. E. 410; *Standard Cabinet Co.* v. *Landgrave* (1921), 76 Ind. App. 593, 132 N. E. 661; *Bickel* v. *Ralph Sollitt & Son Const. Co.* (1933), 97 Ind. App. 57, 184 N. E. 196; *Johnson* v. *Cole* (1928), 87 Ind. App. 678, 161 N. E. 700; *Denasoff* v. *Foundation Co.* (1927), 86 Ind. App. 272, 155 N. E. 521.

In 1947, §31 was divided into two parts, one schedule contained in §31 (a), and a second schedule in §31 (b). This arrangement has been carried forward into the present statute. The provision concerning disfigurement is contained in §31 (b). Compensation for the harms scheduled in §31 (b), unlike those in §31 (a), is to be "in lieu of all other compensation."

We believe the following statement in Small's *Workmen's Compensation Law of Indiana,* p. 240, § 9.2, accurately states the law both prior and subsequent to the 1947 Act:

"Any injury immediately serious enough to entitle a workman to benefits under the schedules of Section 31 (Burns §40-1303) would in the usual case also produce a temporary disability. Yet the language of that section prior to 1947 precluded any right to compensation for temporary disability incident to any injury for which compensation

was sought under the specific schedules. Under that state of the law it was held that where the temporary disability related solely to the condition resulting in a scheduled harm, or where the temporary disability was the result of the same injury causing the scheduled harm, compensation could not be given for both conditions. Since the amendments made to the Act in 1947, temporary total disability benefits not to exceed twenty-six weeks may be given for conditions which are also compensable under Part (a) of Section 31 (Burns, §40-1303). However, Part (b) of that section still provides that the compensation allowed for harms within that part of the statute is to be in lieu of all other compensation."

We find nothing in the present statute which would indicate that the legislature intended that disfigurement, insofar as compensation for temporary total disability is concerned, is to be treated differently than the other harms set forth in the schedule in §31 (b), or that the words in the opening paragraph "in lieu of all other compensation" are not intended to apply to §31 (b) (7). These words were construed in the cases above cited. "It is a familiar and settled rule of construction that when a statute or a part of a statute has been construed by the courts of the state and the same is substantially re-enacted, the legislature adopts such construction unless the contrary is clearly shown by the language of the act. *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 7 N. E. 2d 54.

The appellant is accordingly entitled to a credit upon the award of one hundred twenty weeks' compensation of the amount previously paid.

Award reversed and cause remanded for further proceedings not inconsistent with this opinion.

Royse, C. J., dubitatur.

NOTE.—Reported in 109 N. E. 2d 110.