UNITED STATES STEEL CORPORATION *v.* LINDSAY.

[No. 18,569.   Filed November 24, 1954.]

*Stevenson, Conaghan, Velde & Hackbert, Harlan L. Hackbert,* and *Douglas F. Stevenson,* of Chicago, Illinois, and *White, Raub & Forrey, George C. Forrey, III,* of Indianapolis, for appellant.

*Mario B. Tomsich (Tomsich & Tetek)* and *Charles K. Whitted (Strom & Whitted),* all of Gary, for appellee.

KENDALL, J.—The Industrial Board affirmed an award of a Hearing Member awarding compensation to appellee for 140 weeks at $27.00 per week based upon a finding of seventy (70%) percent permanent partial impairment to his left hand below the elbow. The Board denied appellant credit for compensation paid to appellee during the period of temporary total disability. From this award appellant appeals.

On February 3, 1953, while in the employ of the National Tube Division for which United States Steel Corporation was later substituted, appellee sustained a crushing injury to his left hand resulting with an amputation of the left index finger and partial amputation of the left ring and little finger in the middle phalanx. There was evidence of some scarring of the thumb and palm of the left hand. Disablement was for seventeen weeks for which compensation was paid in the sum of $458.99.

Appellant's assignment of errors are: That the award of the Full Board is contrary to law; and is not sustained by sufficient evidence.

The appellant contends, "(1) The award for permanent partial impairment of the hand below the elbow where the injury consists mainly of the amputation of

two or more fingers is excessive as a matter of law if the total compensation thus computed substantially exceeds the total compensation payable with specific loss of the fingers added together; and, (2) Where there has been a partial amputation but the award is made under §31(b) of the Act, (§40-1303(b), Burns' 1952 Replacement) for permanent partial impairment, the employer is entitled to credit for compensation paid during the period of temporary total disability."

In view of the decision reached by this court, it is only necessary to discuss appellant's second contention.

Prior to 1947, compensation could not be recovered for temporary total disability and for permanent partial impairment resulting from the same injury. The scheduled specific losses were "in lieu of all other compensation." Small's Workmen's Compensation Law of Indiana, p. 240. Sec. 31.(a), §40-1303(a), Burns' 1952 Replacement, was amended in 1947 creating an exception of not to exceed twenty-six weeks of temporary total disability benefits for injuries scheduled in said section which is the schedule of amputations defined as "the loss by separation." In §31(a) provision is made for partial amputation of portions of a single thumb, toe or finger. The other injuries therein-listed are losses resulting in a separation of the entire member. We do not find any provision in §31(a) of the Act for compensation for the amputation of part of the hand below the elbow.

Section 31(b), §40-1303(b), Burns' 1952 Replacement, provides compensation for permanent partial impairment and also for the total permanent disability and permanent disfigurement and retains the provisions as in the former Act before amendment that the compensation for the injuries in that schedule is "in lieu of all other compensa-

tion on account of said injuries." The award from which this appeal is taken was made under §31(b). We construe said section to mean that all awards made under §31(b) are, "in lieu of all other compensation." The award now under consideration was for "a 70% permanent partial impairment to the left hand below the elbow." It appearing that the award was made under §31(b), credit should have been allowed for the compensation for seventeen weeks in the sum of $458.99 which the Board found had been paid for temporary total disability. In the case of *Snow Hill Coal Corp.* v. *Cook* (1952), 123 Ind. App. 240, 109 N. E. 2d 110, an award was made by the Industrial Board in which no provision was made for credit upon the award of the amount previously paid the appellee therein during the period of temporary total disability. This court, by Judge Wiltrout, reversed the award with directions to allow credit, pointing out that, "compensation for the harms scheduled in §31(b), unlike those in §31(a), is to be 'in lieu of all other compensation'." The award in the Snow Hill case, *supra,* and the instant case, were identical in that no provision was made for credit upon the award which had been previously paid for temporary total disability.

We therefore hold that the award of the Industrial Board is contrary to law in that credit should have been given for compensation previously paid for temporary total disability.

Award is reversed, cause remanded for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 122 N. E. 2d 621.