Before STATE INDUSTRIAL BOARD, Respondent.

PETE MILLER, Respondent, v. NATIONAL ROOFING COMPANY and Another, Appellants.

Third Department, May 5, 1926.

**Workmen's compensation — accidental injury — claimant was injured in foot and gave notice of injury but suffered no disability — one year later he was injured in same place on same foot but did not give notice — thereafter foot became ulcerated and he was compensated as for first injury — claimant filed no claim for second injury — actual injury to foot was not caused solely by first accident.**

An employee whose foot was injured in the course of his employment and who gave notice of the injury but suffered no disability therefrom beyond the loss of two days' time is not entitled to an award based on said accident, where it appears that one year later he suffered an injury to the same part of the same foot but gave no notice thereof to his employer and was awarded compensation thereafter on the ground that he was disabled "because of said original injury and the aggravation that resulted from the second injury," for it cannot

be said that the first accident was the sole cause of the resulting ulceration to the foot. Since no claim was filed for the second accident, an award cannot be based thereon.

APPEAL by National Roofing Company and another from an award of the State Industrial Board, made on the 12th day of June, 1925.

*Dudley, Stowe & Sawyer* [*Harry J. Kelly* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J. The claimant suffered two accidents to the same foot, injuring the same portion of the foot in the same way, the second accident occurring precisely one year after the first accident. The claimant reported the first accident promptly but suffered no disability beyond the loss of two days' time. He continued at work for over a year; he filed no claim for the second accident and made no report of it. Shortly after the second accident his foot became ulcerated and swollen. He was sent by the employer to a physician to whom he gave a history of the first accident but not the second. Compensation was paid to him for over a year thereafter upon the theory of a disability arising from the first accident. Then for the first time claimant told a physician of the State Industrial Board that he had suffered two accidents. Objection was then raised to any further award on the ground that he had suffered no disability until after the second accident; that his disability arose from the second accident; and that the claimant had not filed a claim within one year after the second accident.

The State Industrial Board has found as follows: " On February 20, 1923, Pete Miller was working for his employer at his employer's plant, and while engaged in the regular course of his employment, a piece of asphalt that he was lifting broke and a part of the piece fell and struck him on the right foot and as a result, he injured his right foot, particularly the metatarsal bone thereof near the big toe, and as a result, infection naturally and unavoidably developed in the injured metatarsal bone, and on February 20, 1924, Pete Miller, the claimant herein, while working for the above-named employer and while engaged in the regular course of his employment, received a second accidental injury that arose out of and during the course of employment, by having another piece of asphalt fall upon said foot which had been previously injured on February 20, 1923, and as a result, the metatarsal bone near the big toe was again injured and the infection that naturally and unavoidably resulted therefrom was an aggravation of the infection that resulted from the accidental injury of February 20, 1923, and because of

said original injury and the aggravation that resulted from the second injury, Pete Miller was totally disabled from March 11, 1924, to June 12, 1925, on which latter date he was still disabled."

There is no proof that the second dropping of the asphalt was in any way due to a disability arising out of the first accident. The second accident had no relation to the first accident except that by a mere coincidence of result the second piece of asphalt happened to strike the same foot in the same place. Clearly there was a new cause of injury which intervened and a new accident which happened. Even though it intensified or aggravated the previous injury, the resulting disease or infection did not naturally and unavoidably result from the first accident alone but from both of the accidents and so the Board has found. (Workmen's Compensation Law, § 2, subd. 7.) No claim was filed, however, for the second accident and objection having been duly raised, the Board was without jurisdiction to make an award predicated upon an infection which was in part the natural and unavoidable result of the second accident for which no claim had been filed and for which no advance payment had been made. (Workmen's Compensation Law, § 28.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.