## ZELLER *v.* MESKER ET AL.

[No. 12,623.   Filed March 10, 1927.]

1. MASTER AND SERVANT.—*Compensation for "temporary total disability" does not cover "permanent impairment."*—An award of compensation for "temporary total disability," or an agreement concerning it, made under the Workmen's Compensation Act (Acts 1915 p. 392, §§9446-9522 Burns 1926) does not cover the matter of "permanent impairment."   p. 662.

2. MASTER AND SERVANT.—*Claim for "permanent impairment" may be filed after compensation has been awarded for temporary total disability.*—An injured workman who has been granted compensation for temporary total disability may subsequently file an original claim for "permanent impairment" within two years after the injury (§9469 Burns 1926).   p. 662.

3. MASTER AND SERVANT.—*Compensation for disability ends with the disability.*—An award or agreement for compensation for "disability" ceases to be effective when the disability ends (§9476 Burns 1926, clauses [j] and [k]). p. 662.

4. MASTER AND SERVANT.—*Where "temporary total disability" develops into "permanent impairment," injured employee may ask modification of award because of change of conditions.*—Where an injury to an employee for which he has received compensation for "temporary total disability" develops into a "permanent impairment," for which the employee is entitled to compensation beyond the period of "temporary total disability," he may file a claim therefor under §45 of the Workmen's Compensation Act (§9490 Burns 1926), on account of a change in "conditions" (*In re Hogan*, 75 Ind. App. 53, overruled). p. 662.

5. FRAUD.—*Injured workman's complaint against his employers alleging fraudulent representations as to his condition after injury held insufficient.*—A complaint alleging that the plaintiff was injured in the course of his employment and that his employers, after entering into an agreement to pay him compensation for "temporary total disability, * * * with fraudulent intent," represented to him that he was able to return to work and offered him the same wages as he received before his injury and hereby induced him to resume his employment; that he continued in their employment for more than a year thereafter and was then discharged, thereby losing his right to compensation under the Workmen's Compensation Act for "permanent partial impairment," did not state a cause of action, as it did not charge the defendants with doing anything which they did not have a legal right to do. p. 662.

6. TORTS.—The motive of a wrongful act cannot be the basis of a legal action when the act itself was lawful. p. 662.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by Michael Zeller against George L. Mesker and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*Benjamin F. Zieg,* for appellant.

*Joseph W. Hutchinson,* for appellees.

PER CURIAM.—This action was brought by the appellant to recover damages resulting, as appellant says, "from the fraud and deceit" of appellees, whereby they

"caused the appellant to lose a cause of action and the right to collect compensation under the Workmen's Compensation Act."

From the averments of the complaint, it appears that on October 1, 1923, and prior thereto, the appellant was in the employ of appellees who were engaged in the "iron and steel business," in Evansville, Indiana, and who, in their said business, employed a large number of men; that on said date he, as the result of an accident arising out of and in the course of his employment, received a compensable injury, a fracture of the skull; that, on account of said injury, he was paid, by the appellees, compensation for eight weeks, as for total temporary disability; that he then returned to his work for the appellees and thereafter continued in their employ, at his regular wages, for the period of one year and four days, when they discharged him. The complaint also alleges that the said injury resulted in a seventy-five (75%) per cent. permanent partial impairment, as the appellees well knew, but that they, with the "fraudulent intent and purpose to cheat and defraud" the appellant, falsely and fraudulently represented to the appellant that he was able to return to work, and requested appellant to return to his work for them, at the same wages received by him prior to the time of his said injury; that said representations were made by the appellees for the purpose of defrauding the appellant out of his just compensation due him under the Workmen's Compensation Act; and that appellant did not know that such representations were false. It is then averred that by reason of the said fraud of appellees, the appellant "lost his cause of action" for compensation for "permanent partial impairment" and was thereby defrauded out of the same.

A demurrer for want of facts was sustained to this complaint and this appeal followed.

The determination of the questions involved in said ruling requires a consideration of §§24 and 45 of our Workmen's Compensation Act (§§9469 and 9490 Burns 1926).

It is obvious that the immediate results of an accident may be a "total temporary disability" and a "permanent impairment." When, in such case, an application is made for an award of compensation for the resulting "temporary total disability," and compensation is awarded therefor, the matter of the "impairment," though existing, is not considered, and is not covered by the award. In such case, an original claim may be made under §24 for compensation for such "impairment." The same is true if the matter of "temporary total disability" is so covered by an agreement between the employer and the employee. Such an award or agreement for "temporary total disability" only, by its terms, ceases to be effective when such disability ends.

If the injury to the employee shall develop into a "permanent impairment" for which the employee shall be entitled to compensation beyond the period of "temporary total disability," a claim therefor may be made under §45 of the said act, on account of a "change in condition." The case of *In re Hogan* (1921), 75 Ind. App. 53, 129 N. E. 633, in so far as the same is in conflict with what we have herein said, is hereby disapproved and overruled.

As to the other averments of said complaint relating to the conduct of the appellees, they did not state a cause of action; they do not charge the appellants with doing anything which they did not have a legal right to do, and *motive* cannot be the basis of a legal action, the act itself being lawful.

The judgment is affirmed.