## CARRICO v. TEMPLETON COAL COMPANY.

[No. 12,977.  Filed January 27, 1928.  Rehearing denied March 6, 1928.]

*John A. Riddle,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellee.

McMAHAN, J.—Appellant received a compensable injury October 15, 1923, while in the employment of appellee.  On March 6, 1924, the parties entered into an agreement by the terms of which appellee agreed to pay appellant compensation at the rate of $13.20 for 150 weeks, beginning October 15, 1923, and for medical and hospital services, for the loss of his right leg below

the knee. This agreement was filed with and approved by the Industrial Board, March 17, 1924, and compensation was paid to and including August 15, 1926, the total amount paid being $1,953.60, leaving a balance of $26.40, which was tendered to appellant and by him refused. On September 16, 1926, which was two years and eleven months after the date when the injury was received, appellant filed an original application for compensation, in which he stated that he was injured October 15, 1923, and that as a result of such injury his leg was amputated below the knee, and demanding compensation for 500 weeks for total disability. This application was heard by the full Industrial Board and compensation denied; hence this appeal.

The Industrial Board found that the award of March 17, 1924, has never been modified, suspended, changed, or set aside; that the application herein does not seek to modify, suspend, change or set aside the first award, but only asks an original award; that the only injury received by appellant was the amputation of his leg below the knee; that he received no other separate or independent injury which arose out of his accident; that, as a result of his injury, he has been wholly disabled since October 15, 1923; that prior to the award in March, 1924, it was necessary for appellant to have a second and additional amputation of his leg below the knee and that such an amputation was made prior to the 1924 award. There is no claim that the finding is not sustained by the evidence.

Appellant's sole contention is, that since the board found his injury resulted in a total disability which had continued from the date of his injury, October 15, 1923, to the hearing held in March, 1927, the action of the board denying compensation during total disability is contrary to law.

Section 9502 Burns 1926, §57 of the Workmen's Com-

pensation Act, provides that if the parties reach an agreement in regard to the payment of compensation, a memorandum of the agreement in the form prescribed by the Industrial Board shall be filed with the board for its approval.

Such an agreement, when filed with and approved by the board, has the full force and effect of an award made by the Industrial Board. *In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669. An agreement between the parties when filed with and approved by the Industrial Board is binding on the parties thereto as long as it stands unrevoked. It may, however, be set aside for fraud or mistake. *Frankfort, etc., Ins. Co. v. Conduitt* (1920), 75 Ind. App. 584, 127 N. E. 212.

Appellant was totally disabled when the agreement for compensation was signed by the parties. They doubtless were of the belief that this disability would not continue for a great length of time; that the healing period would soon be over and that the only compensable injury which appellant would sustain would be the loss of the leg below the knee—a loss for which the statute made specific provision, and designated that, for such loss, compensation should be paid for the period of 150 weeks.

Appellant contends that, under the undisputed evidence and under the facts as found by the board, his leg failed to heal after the amputations and that, as a result of his injury, he is totally disabled, and that under §31, cl. (j) of the Workmen's Compensation Act, Acts 1919 p. 162, §9476 Burns 1926, he is entitled to an award during his total disability, but not to exceed a period of 500 weeks. As heretofore stated, the award made in March, 1924, was for the loss of the leg below the knee. The compensation for that loss was for the loss of the member, and did not cover disability other than during the healing period, and which was included in the award

of compensation for the loss of the leg by amputation below the knee. Compensation for total disability for a period longer than the healing period was not included in the award first made.

This brings us to a consideration of the question as to when an application for compensation because of total disability should have been filed.

It is appellee's contention that the application in the instant case, being an original application for compensation for an injury or loss not covered by the award made in 1924, should have been filed not later than two years from the date of the injury, and that, since it was not filed until two years and eleven months after the date of the injury, the award must be affirmed. In *Denasoff* v. *Foundation Co.* (1927), 86 Ind. App. 272, 155 N. E. 521, the employer and employee entered into an agreement wherein it was agreed that the latter should be paid compensation during total disability. No provision was made for the payment of compensation during any period of partial disability or permanent impairment. Total disability had ceased. Within two years from the date of the injury, but more than one year after total disability had ended, the employee filed an application for compensation because of the permanent loss of vision of an eye. The Industrial Board denied compensation for the reason that the application was not filed within one year from the time when total disability had ceased. On appeal, it was held that the application being for compensation for a loss not included in the first award, and having been filed within two years from the date of the injury was filed in time. Section 9469 Burns 1926, Acts 1915 p. 392, §24, provides that the right to compensation shall be forever barred unless a claim therefor shall be filed within two years after the injury. The application in the instant case was not filed within the two year period,

and being an application for an original award of compensation for a disability not covered by the compensation agreement was not filed in time. The board did not err in denying compensation.

Award affirmed.

Dausman, J., absent.