PETTIFORD *v.* UNITED DEPARTMENT STORES.

[No. 15,419. Filed June 17, 1935.]

 

*Busby & Davisson,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellee.

CURTIS, P. J.—This is an appeal from an award and order of the full Industrial Board dismissing the appellant's application for the adjustment of his claim for compensation, on the ground that said application was filed too late and that by reason thereof the board did not have jurisdiction to hear the same, said application having been filed on June 8, 1934, which was more than one year after the date of the termination of his temporary total disability as fixed in the original award to him. The injury occurred on November 26, 1932.

The finding and order of the full board sets out fully the history of the proceedings and the result thereof. We quote the material part as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the record, and being duly advised therein, now finds that on November 26, 1932, while in the employ of the defendant at an average weekly wage of $20.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge. That on December 13, 1932, an accident report was filed with the Industrial Board. That on May 25, 1933, plaintiff filed his application for the adjustment of a claim for compensation, alleging therein that plaintiff had suffered a total disability for five weeks, partial thereafter, and permanent, and claiming as compensation $11.00·a week for five weeks for total disability, and $11.00 ·a week for two hundred weeks for permanent partial impairment. That hearing on said application was had in the City of Anderson on July 12, 1933, before Horace M. Evans, a member of the Industrial Board.

"That on July 13, 1933, the Hearing Member handed down a finding and award in which it was

found that the accidental injuries sustained by plaintiff on November 26, 1932, became disabling on December 3, 1932, and that as a result of said accidental injury plaintiff was totally disabled from that date up to January 5, 1933, and further found that sufficient time had not elapsed to determine the permanent partial impairment if any plaintiff had sustained as a result of the accidental injuries suffered on November 26, 1932. Based on this finding the Hearing Member awarded the plaintiff compensation at the rate of $11.00 a week for a period of three and five-sevenths weeks, beginning on December 10, 1932.

"It is further found that on July 17, 1933, defendant filed its application for the review by the full Industrial Board of the original award, that a hearing on said application was had on October 2, 1933, and on October 5, 1933, the full Industrial Board made an award that plaintiff be awarded compensation at the rate of $11.00 per week for a period of three and five-sevenths weeks, beginning on December 10, 1932. It is further found that on October 11, 1933, plaintiff filed his receipt in final settlement of compensation, showing payment of $40.86, and the receipt further reciting that disability ceased on January 5, 1933, and that there was a total disability of thirty-three days.

"It is further found that on June 8, 1934, plaintiff filed his application for the adjustment of a claim for compensation, alleging that he was injured on November 26, 1932, and alleging that as a result of said accidental injury he had suffered a permanent partial impairment to the man as a whole, and claiming compensation at the rate of $11.00 a week for two hundred weeks permanent partial impairment.

"And the full Industrial Board now finds by a majority of its members for the defendant on plaintiff's application for the adjustment of a claim for compensation, that said application raises no issue at this time for determination by the Industrial Board.

## ORDER

"IT IS THEREFORE CONSIDERED AND ORDERED BY THE FULL INDUSTRIAL BOARD OF INDIANA by a majority of its members that plaintiff's application for the adjustment of a claim

for compensation filed on June 8, 1934, should be and the same is hereby dismissed for want of jurisdiction.

"It is further ordered that the plaintiff pay the cost of this proceeding."

The appeal grows out of the above finding and order of the full board. The appellant assigns as error that the award of the full board is contrary to law. This assignment presents all questions sought to have reviewed.

It is to be noted that the injury occurred on November 26, 1932, and that the application was filed in the instant case on June 8, 1934, which was within the two-year period fixed in section 24 of the Indiana Workmen's Compensation Act which is as follows:

"The right to compensation under this act shall be forever barred unless within two years after the injury, or if death results therefrom, within two years after such death, a claim for compensation thereunder shall be filed with the industrial board."

If, therefore, said section 24 of the Act above set out controls the filing of the said application then it was timely filed and the order of the board dismissing it would be erroneous. But it is contended by the appellee that the case falls within the provisions of section 45 of said Act which we set out as follows:

"The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act.

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall effect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall the application

therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement or upon hearing. The board may at any time correct any clerical error or mistake of fact in any finding or award."

If, therefore, the instant case falls within the provisions of said section 45 of the act then the application, having been filed June 8, 1934, which was more than one year from January 5, 1933, the date of the termination of the compensation period fixed in the original award, was filed too late and the order and award of the full board dismissing said application for want of jurisdiction should be affirmed.

In the determination of this case we must at the outset keep clearly in mind the distinction between the terms disability and impairment as used in the Act. This court somewhat recently, in the case of *Sumpter* v. *Colvin* (1934), 98 Ind. App. 453, 457, 190 N. E. 66, explained the distinction as follows: "The term disability as used in the Act means inability to work, while the term impairment means the partial or total loss of a member or members of the body, or of the body as a whole." The immediate effects of an injury may be a temporary total disability and then later a permanent partial impairment may also develop. Again an injury may result in immediate temporary total disability accompanied by immediate impairment of some kind recognized in the Act, or again an injury may result in immediate impairment with little or no temporary total disability or the injury may produce disability with no impairment or there may possibly be other variations. The facts in each case must be considered. From the finding in the instant case it is at once apparent that when the original award was made for temporary total disability covering the period of time from December 3, 1932, to January 5, 1933, the

board was not able to find that there was any impairment. The finding in that respect was "that sufficient time had not elapsed to determine the permanent partial impairment if any plaintiff (appellant) had sustained as a result of the accidental injuries suffered on November 26, 1932." Neither party appealed from this finding and award of the board. It, therefore, became binding and conclusive. We believe that the full board was fully sustained by the record in the conclusion it evidently reached, that the injury complained of now in the instant case was, if anything, a later development or rather a resultant permanent partial impairment, and did not begin with the injury and that it falls within the rule discussed in the following cases. *Denasoff* v. *Foundation Co. et al.* (1927), 86 Ind. App. 272, 274, 155 N. E. 521. We quote from that case as follows:

"Section 45 of the Workmen's Compensation Act, being section 9490 Burns' R. S. 1926, provides that the jurisdiction of the Industrial Board shall be continuing, and that, from time to time, it may, upon its own motion, or upon the application of either party, on account of the change of condition, make such modification or change in the award of an injured employee as it may deem just within the compass of the act, but this Section can have no application to the circumstances here involved for the reason that there was no change in condition involved. The agreement between the parties called for compensation at the rate of $13.20 per week during total disability. This agreement was filed with and approved by the Industrial Board and at the same time there was filed with the board a receipt of the employee in final settlement acknowledging the receipt of $22.63. This was compensation only for appellant's loss because of total disability. Total disability ceased at that time, but not so as to appellant's impairment. Appellant, by his application, alleged that, as a result of the accident, he sustained a permanent loss of vision in his left eye, and this impairment, beginning with the injury, continued, of course, after the total disability had

ceased. This was not included in the agreement for compensation because of total disability. The board could not grant compensation therefor by any modification of the original award, for there had been no change in condition. The condition of permanent impairment existed from the time of the accident, and not having been included in the award, which was for total disability, it was the basis for an independent application for compensation and, therefore, governed by the two-year statute of limitation, (Burns' Ann. St. 1926, Sec. 9469), (Section 24) (Our parentheses) and not by the one-year statute."

We also quote from *Union Drawn Steel Co.* v. *Thompson* (1929), 89 Ind. App. 380, 165 N. E. 258, as follows:

"In *Zeller* v. *Mesker* (1927), 85 Ind. App. 659, 155 N. E. 520, it was said: 'It is obvious that the immediate results of an accident may be a "total temporary disability" and a "permanent impairment." When, in such case, an application is made for an award of compensation for the resulting "temporary total disability," and compensation is awarded therefor, the matter of impairment, though existing, is not considered, and is not covered by the award. In such case, an original claim may be made under section 24 (Burns' Ann. St. 1926, Sec. 9469) for compensation for such "impairment." The same is true if the matter of "temporary total disability" is so covered by an agreement between the employer and the employee. Such an award or agreement for "temporary total disability" only, by its terms, ceases to be effective when such disability ends. If the injury to the employee shall develop into a "permanent impairment," for which the employee shall be entitled to compensation beyond the period of "temporary total disability," a claim therefor may be made under section 45 of the said act, on account of "change in condition." ' See, also, *Denasoff* v. *Foundation Co.* (1927), 86 Ind. App. 272, 155 N. E. 521. As said above, it is obvious that an injury may result in an immediate temporary total disability, and also in an immediate permanent partial impairment, as it did in both the instant case and in the Denasoff case, *supra,* or it may result in an immediate temporary total disability, and then,

later, in a resultant permanent partial impairment. Under the facts first supposed, there may be two independent claims, one for the temporary total disability, and one for the partial impairment, and these claims, as to the time of their filing with the Industrial Board, are governed by section 24, *supra*. Under the state of facts secondly supposed, there may be the claim, under section 24, for the temporary total disability, and thereafter, under section 45 for the resultant impairment, as being a 'change of condition.' In the Hogan case, *supra*, the facts stated did not bring that case within the rule announced in the Denasoff case, nor within the rule as stated in the Mesker case, and the rule laid down in the Hogan case only applies to cases where the impairment is *resultant*, and therefore controlled by section 45, as to the time within which such application must be made."

See also *Zeller* v. *Mesker et al.* (1927), 85 Ind. App. 659, 155 N. E. 520; and *In Re Hogan* (1921), 75 Ind. App. 53, 129 N. E. 633, and as throwing additional light see also: *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 185 N. E. 460.

The appellant in his brief says he is not unmindful of the decisions we have just referred to which hold that if the permanent partial impairment is a later and resultant development and does not begin with the injury it amounts to a "change of condition" and is governed by sec. 45 of the Act, but in effect says that they should be overruled. We do not concur in this view for two reasons: First, we think the decisions are correct and, secondly, after they were made the legislature in 1929 re-adopted section 45 of the Act in exactly the same form as it was when the decisions were handed down. We would certainly not be justified now in placing a different construction upon the section. The rule is that where the legislature re-enacts a statute which has been judicially construed, it thereby adopts such construction unless the contrary intent is clearly shown in the language of the re-enact-

ing statute. See: *McIntyre* v. *State* (1908), 170 Ind. 163, 83 N. E. 1005; *Board of Commisisoners of Monroe County* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828.

If an impairment such as is contemplated in the schedule of section 31 of the Act occurs at the time of the accident, and if the award of compensation is based upon disability alone then it is obvious that a right of action still lies for the impairment, which may be prosecuted at any time within 2 years after the accident. That is to say, that in the situation just supposed there are in fact two causes of action, one for the disability, if there be a disability, and one for impairment, if there be an impairment, and section 24 of the Act governs the bringing of either or both of said causes of action. If, however, the impairment does not directly flow from the accident but is resultant at a later time, then if there be an award for the disability the cause of action for the resultant impairment must be commenced within one year from the termination of the period of disability as fixed in the award for the reason that sec. 45 of the act controls as to the time to bring such action. Such resultant impairment in the case last supposed amounts to a change of conditions as contemplated in section 45 of the Act. These are the general rules deduced from the decisions of our court and we now adhere to them. We are aware, nevertheless, that these rules may be easier stated than applied but we think that litigants and the Industrial Board will have no great difficulty in understanding and applying them. The cardinal principle is to have clearly in mind the distinction between the terms disability and impairment as used in the Act. Of course, in a general way, it might be argued that any impairment is the result of the accident but the legislature, in sections 24 and 45 of the Act, has made a distinction such as we

480

have pointed out and this court has attempted in its decisions to adhere to the distinction thus made.

We have found no reversible error. The award is affirmed.