SEWELL *v.* TERRE HAUTE BREWING COMPANY.

[No. 15,650. Filed March 31, 1936. Rehearing denied July 2, 1936.]

*Frank Hamilton* and *William E. Hamilton,* for appellant.

*Slaymaker, Merrell & Locke, L. A. Shaner, H. T. Batman* and *James V. Donadio,* for appellee.

WIECKING, J.—This is an appeal from an award of the Industrial Board of the State of Indiana seeking the

review of an order and award of said board denying appellant's application for compensation. Appellant assigns as error "(1) that the award of the Full Industrial Board is contrary to law; and (3) that the award and judgment of the Full Industrial Board is not sustained by sufficient evidence." The first of such assignments is the only proper one under the law and is sufficient to present all questions.

The evidence discloses that on February 1, 1934, appellant was in the employ of the appellee, and received a personal injury by accident arising out of, and in the course of, his employment, consisting of an injury to the left foot. On February 9, 1934, an agreement was entered into between the parties providing for the payment to appellant of compensation beginning February 9, 1934, and to continue during temporary disability, which agreement was duly approved by the Industrial Board on April 24, 1934. Compensation was paid to appellant under and pursuant to this agreement until May 4, 1934, on which date he returned to work.

On June 1, 1935, appellant filed with the Industrial Board his application for additional compensation on Form 14, alleging that said injury had resulted in a permanent partial impairment. Such application was thereafter dismissed by the appellant on July 11, 1935. On July 12, 1935, appellant commenced this proceeding by filing with the Industrial Board his Form 9 application for adjustment of compensation on account of permanent partial impairment to his left foot below the knee. On July 23, 1935, appellee filed its special answer on Form 44 of the Industrial Board, alleging that appellant's application for compensation was not filed within one year from the termination of the compensation period fixed in the original award or agreement, as pro-

vided by Section 45 of the Workmen's Compensation Law.

A hearing was held before a single member of the Industrial Board, and on September 24, 1935, said hearing member made an award in favor of appellant, finding that as a result of said injury, appellant had suffered a 20 per cent permanent partial impairment to the left foot below the knee and was entitled to compensation for 30 weeks at $9.24 per week, the appellee to receive credit for compensation theretofore paid, the remainder to be paid in cash and in a lump sum.

Appellee appealed from this award to the Full Industrial Board and after a hearing, said Full Industrial Board on November 14, 1935, made and entered an order that appellant take nothing by his application, filed July 12, 1935, and that his right to prosecute a claim for permanent partial impairment, if he had such a right, expired one year after the date of final payment for total disability, under the order approved April 24, 1934. The pertinent part of such finding and order of the Full Industrial Board is as follows:

"And the Full Industrial Board now finds, by a majority of its members, that plaintiff shall take nothing by his application filed herein on July 12, 1935, that his right to prosecute a claim for compensation for permanent partial impairment, if any such right he had, expired one year after the date of final payment for disability, under the agreement approved by the Industrial Board on April 24, 1934.

"ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members, that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

The question presented here is whether or not appellant's claim for compensation for permanent partial

impairment is controlled by Section 24 or Section 45 of the Act.

In determining this case it is imperative that we keep in mind the question whether or not the impairment is a direct result of the accidental injury or is a result of the temporary disability. In the first instance the time for filing the application is controlled by Section 24 (§40-1224, Burns 1933, §16400, Baldwin's 1934), as an original action, and in the latter it is controlled by Section 45 (§40-1410, Burns 1933, §16421, Baldwin's 1934) as being a change in conditions. Where the condition of permanent impairment exists from the date of the injury and no amount is included in the original award for such impairment, it being for temporary disability only, such impairment may be made the basis for an independent application for compensation and is governed by the two-year limitation under Section 24 of the Workmen's Compensation Law. This is true whether the compensation is paid by agreement of the parties or established by an award of the Industrial Board. It is only where the impairment is *resultant* and does not exist from the date of the injury that Section 45 of the Workmen's Compensation Law controls. *Pettiford* v. *United Department Stores* (1935), 100 Ind. App. 471, 196 N. E. 342; *Denasoff* v. *Foundation Co. et al.* (1927), 86 Ind. App. 272, 155 N. E. 521; *Union Drawn Steel Co.* v. *Thompson* (1929), 89 Ind. App. 380, 165 N. E. 258; *Zeller* v. *Mesker* (1927), 85 Ind. App. 659, 155 N. E. 520.

The facts in each case must be considered. In the instant case three persons testified. The appellant himself testified that the impairment had existed ever since the date of the injury. His doctor testified to the same effect and that the impairment was considerable. The doctor called as a witness by appellee on direct examination said that upon examination in

April, 1934, he had rendered a conclusion that the fracture of the big toe had made a complete recovery and appellant was suffering from neuritis of the left lower extremity which was not the result of the accident. On examination on June 12, 1935, he rendered an opinion "that there was sustained a 15 per cent permanent partial impairment to the left foot from the knee down." At the time he examined the appellant in April, 1934, he could not estimate the amount of impairment to the left foot as only two and one-half months had elapsed. On cross-examination this doctor testified as follows:

"Q. Doctor, there was an impairment in the foot when you examined him in April, 1934?

"A. Yes.

"Q. Assuming that he had the fractures that were disclosed by the X-ray?

"A. That would be the assumption.

"Q. There would be some impairment existing in the foot continually from the date of the accident.

"A. Yes."

This evidence all shows affirmatively that the impairment has existed continuously since and as a direct result of the accidental injury sustained by the appellant on February 1, 1934. The claim for compensation for such impairment was filed on July 12, 1935, and within the two years allowed by Section 24, *supra*. We hold that the Industrial Board had jurisdiction to try and determine appellant's application.

The award of the Full Industrial Board is reversed with instructions for further proceedings not inconsistent with this opinion.