STACKHOUSE *v.* GENERAL MOTORS CORP.

1. Workmen's Compensation—Claim for Additional Injuries to Fingers—Statute of Limitations.

Right to recover compensation for alleged injury to left middle finger was barred where claim therefor was not filed within statutory period, and the description of claim in agreement for compensation which had been approved by the department of labor and industry was confined to "traumatic amputation left little and ring fingers," notwithstanding provision of approved agreement that if employee were incapacitated in his employment at end of period covered thereby because of injuries other than the loss of said members as a result of the accident, he should be entitled to compensation for total or partial disability as the facts and law then warrant (2 Comp. Laws 1929, § 8431).

2. Same—Claim for Injury Not Covered by Award or Agreement.

A claim for an injury not covered by an award or agreement for compensation is an original claim and must be filed within the time specified therefor (2 Comp. Laws 1929, § 8431).

3. Same—Claim for Permanent Injury at Outset an Original Claim.

A claim for a permanent injury or impairment sustained at the outset is an original claim, even though not considered in or covered by a prior award or agreement, and must be filed within the time required for the filing of an original claim (2 Comp. Laws 1929, §§ 8431, 8453).

4. Same—Claim for Specific Injury.

A claim for a specific injury is barred if not made within the required time, even though a claim for another and distinct injury arising out of the same accident was timely filed (2 Comp. Laws 1929, §§ 8431, 8453).

5. Same—No Additional Compensation for Natural Tenderness of Amputated Fingers.

Employee who was paid statutory compensation for injuries to little and ring fingers is not entitled to further compensation

for tenderness of the ends of the stumps of such traumatically amputated fingers where such tenderness is the direct, natural and necessary result of their amputation (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted June 22, 1939. (Docket No. 122, Calendar No. 40,551.) Decided September 5, 1939. Rehearing denied November 9, 1939.

Foster J. Stackhouse presented his claim for compensation against General Motors Corporation, Ternstedt Manufacturing division, employer. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed.

*Carl R. Hospers* (*Richard C. Fruit,* of counsel), for plaintiff.

*J. G. Stevenson, E. C. McDonald,* and *Justin L. Schaffer,* for defendant.

POTTER, J. June 25, 1934, plaintiff suffered a compensable accident while in defendant's employ resulting in the amputation of the distal portion of plaintiff's left ring and little fingers. July 23, 1934, an approved agreement for compensation at $16 a week was made and compensation thereunder was paid for 17½ weeks. The approved agreement for compensation of July 23, 1934, provided:

"In case the said injured employee has suffered the loss of one or more members scheduled in section ten, part two of said act and is incapacitated in his employment at the end of the above period because of injuries other than the loss of said members as a result of said accident, he shall be entitled to compensation for total or partial disability as the facts and law warrant at the end of said period."

July 3, 1934, plaintiff returned to work for defendant at a lighter job. August 25, 1937, he was discharged by defendant.

May 11, 1938, plaintiff filed a petition for further compensation which said:

"That he returned to light work and continued until August, 1937, when he was laid off—that fingers should have been amputated so as to leave sufficient pad, but the ends of the stumps are sore and sensitive and, further, the middle finger of the left hand was injured at the same time and it remains sore and swollen so that he cannot work at ordinary labor and cannot obtain employment because of his impairment."

Defendant answered, denying plaintiff was entitled to further compensation and denying plaintiff suffered any disability as the result of the injury of June 25, 1934, other than that resulting in the amputation of the fingers above mentioned, and avers this approved agreement is *res judicata* of the amount of compensation to which plaintiff is entitled.

The case was heard June 27, 1938, by deputy commissioner DeFant. Afterward, defendant petitioned for leave to take further and additional testimony. Plaintiff opposed this but the department, October 14, 1938, granted the petition. Additional testimony was taken.

The department based its award upon plaintiff's claims the ends of the stumps of the amputated members are sore and sensitive, and the left middle finger is also sore, as a result of which he is unable to engage in gainful employment; that he was an odd-lot and nondescript worker who must be given employment within the limits of his capacity if he is employable at all; that his condition was directly traceable to the accident of June, 1934, and that if defendant desired to be relieved of its liability therefor, it must

give plaintiff employment of a selective and favored type which would permit him to use his injured hand to the best advantage such as he did during the time he was employed by defendant after the accident. It found he was entitled to compensation at $16 a week for total disability from August 26, 1937, until the further order of the department.

In the agreement entered into between plaintiff and defendant, approved by the department of labor and industry July 23, 1934, we find:

"5. Important. Describe fully the injuries resulting from the accident: Traumatic amputation left little and ring fingers."

Nothing was said about any injury to any other fingers. No claim for compensation for such injury was filed within the statutory period. The right to recover therefor is barred, not because of former adjudication, but because no such claim was made within the statutory period (2 Comp. Laws 1929, § 8431 [Stat. Ann. § 17.165]).

A claim for an injury not covered by an award or agreement for compensation is an original claim and must be filed within the time specified therefor. *Ehrhart* v. *Industrial Accident Commission of California,* 172 Cal. 621 (158 Pac. 193, Ann. Cas. 1917 E, 465); *Carrico* v. *Templeton Coal Co.,* 87 Ind. App. 145 (159 N. E. 695); *Miller* v. *National Roofing Co.,* 216 App. Div. 612 (215 N. Y. Supp. 547). A claim for a permanent injury or impairment sustained at the outset is an original claim, even though not considered in or covered by a prior award or agreement, and must be filed within the time required for the filing of an original claim. *Union Drawn Steel Co.* v. *Thompson,* 89 Ind. App. 380 (165 N. E. 258); *Denasoff* v. *Foundation Co.,* 86 Ind. App. 272 (155 N. E. 521); *Zeller* v. *Mesker,* 85 Ind. App. 659 (155 N. E. 520). And it is not covered by 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188). A claim for a specific

injury is barred if not made within the required time, even though a claim for another and distinct injury arising out of the same accident was timely filed. *Union Drawn Steel Co.* v. *Thompson, supra; Denasoff* v. *Foundation Co., supra; Zeller* v. *Mesker, supra; Murphy* v. *W. O. Cook Construction Co.*, 130 Kan. 200 (285 Pac. 604). See, also, 71 C. J. p. 1017.

The right of plaintiff to additional compensation is based upon the tenderness of the stumps of the amputated fingers and this injury to his other finger which was not mentioned in the agreement describing his injuries in 1934 and about which no claim was made until he filed his petition for further compensation May 11, 1938. This leaves only the question of the tenderness of the ends of the fingers caused by the amputation.

The amputation of fingers usually leaves the ends of them tender. There is no question raised but that defendant paid plaintiff the full amount of compensation to which he was entitled in pursuance of 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160), arising from the injuries mentioned and described in the agreement for compensation approved by the department. Having been paid compensation for the loss of specific portions of his ring and little fingers for the statutory period, plaintiff is not entitled to further compensation for the tenderness of the ends of the stumps of these amputated fingers, which tenderness is the direct, natural and necessary result of their amputation. *Curtis* v. *Hayes Wheel Co.*, 211 Mich. 260; *Addison* v. *W. E. Wood Co.*, 207 Mich. 319.

The award of the department is reversed, with costs.

WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, C. J., did not sit.