PALCHAK, v. MURRAY CORPORATION OF AMERICA.

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—EVIDENCE—EYE INJURY—LOSS OF VISION—TOTAL DISABILITY.

Findings of compensation commission of department of labor and industry that injury to plaintiff's eye resulted in total disability "due to a definite pathology in the injured eye which is separate and apart from and in addition to that caused by the loss of vision" therein, "that such complications are not the usual and natural result of the loss of vision in an eye" and, that "there is no relationship between the disabling symptoms and the loss of vision in the right eye except that both are due to the same accident" *held*, supported by evidence, hence binding on the court (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—FINDINGS OF FACT—EVIDENCE.

Findings of fact by the compensation commission of the department of labor and industry are binding on the Supreme Court, where they are supported by evidence (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—NOTICE OF INJURY—REPORT—STATUTE OF LIMITATIONS—CLAIM FOR COMPENSATION.

The two-year period of the statute of limitations, within which claims for workmen's compensation must be filed begins to run from the date the employer filed his report of the accident and injury where employer has due notice thereof (2 Comp. Laws 1929, § 8431).

4. SAME—STATUTE OF LIMITATIONS.

A claim for compensation subject to the two-year limitation of the workmen's compensation act is barred if presented to the department of labor and industry after expiration of the prescribed period (2 Comp. Laws 1929, § 8431).

5. SAME—JURISDICTION OF DEPARTMENT—FURTHER COMPENSATION.

Once the department of labor and industry acquires jurisdiction of a case by virtue of original proceedings to recover workmen's compensation, such jurisdiction continues for the purpose of further proceedings for compensation as development of conditions, brought about by the original injury, may require.

6. SAME—STATUTE OF LIMITATIONS—SUBSEQUENTLY DEVELOPING ADDITIONAL DISABILITY RESULTING FROM ORIGINAL INJURY.

The statute imposing a limitation upon time within which a notice of injury and making of first claim for compensation must be made does not apply to claims for further compensation due to subsequently developing disability resulting from the same original injury of which employer had notice and for a previously developed result of which he had paid compensation (2 Comp. Laws 1929, § 8431).

7. SAME—FINDING OF DEPARTMENT—EVIDENCE—ARGUMENTS OF COUNSEL.

In determining that injured employee was entitled to an award, it may be assumed that the compensation commission of the department of labor and industry took into account all facts established by the evidence and the department file in the case and that due consideration was given arguments of counsel based on the record (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

8. SAME—FAILURE OF DEPARTMENT TO MAKE SPECIFIC FINDING—
   SUPREME COURT'S FINDING.

   In the absence of any specific determination by the compensation
   commission of the department of labor and industry of a
   matter in controversy the Supreme Court is entitled to look to
   the record for the purpose of determining if the conclusion
   evidenced by the award was supported by evidence.

9. SAME—EYE INJURY—LOSS OF VISION—SUBSEQUENT TOTAL DIS-
   ABILITY—STATUTE OF LIMITATIONS.

   Airplane wing assembly worker whose right eye was so injured
   on July 7, 1943, that at first she lost the vision thereof, for
   which the employer paid compensation, and nearly two years
   after the injury the employee suffered total disability resulting
   from same injury but separate and apart from, and in ad-
   dition to, the loss of vision *held*, entitled to an award of com-
   pensation for total disability on petition filed November 27,
   1945, the two-year statute of limitations not being applicable
   to bar claim for further compensation due to a result of an
   injury of which the employer had due notice, and the depart-
   ment had previously acquired jurisdiction (2 Comp. Laws
   1929, § 8431).

Appeal from Department of Labor and Industry. Submitted April 10, 1947. (Docket No. 53, Calendar No. 43,603.) Decided June 27, 1947.

Margaret Palchak presented her claim against the Murray Corporation of America for further compensation for injury to her eye sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Charfoos, Gussin & Weinstein,* for plaintiff.

*Buell A. Doelle,* for defendant.

CARR, C. J. While in the employ of defendant on July 7, 1943, plaintiff sustained an injury to her right eye, of such a character as to be compensable under the provisions of the workmen's compensation law of this State, Act No. 10, Pub. Acts 1912 (1st

Ex. Sess.), as amended (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]). A small piece of steel which she was endeavoring, by the use of pliers, to insert into an airplane wing assembly, slipped, striking the eye in such manner as to cause a laceration of the cornea as well as other injuries to the member. Some two or three weeks later it became necessary to remove a part of the lens in order to alleviate the resulting condition. Following this operation plaintiff was discharged from the hospital on August 11, 1943. Under date of September 20, 1943, defendant filed its report of the injury to plaintiff with the department of labor and industry.

Three or four months after the injury plaintiff resumed her employment at the plant of the defendant. Her work then consisted of inserting screws in pieces of metal. She continued at this labor for nearly a year, receiving treatment during such period for the eye condition. She was again hospitalized in July, 1944, at which time a second operation on the eye was performed. Thereafter she was again employed by defendant until November 20, 1944, when she was laid off because of lack of work.

An agreement between plaintiff and defendant was filed with the compensation commission of the department of labor and industry on September 24, 1944, reciting that plaintiff had lost industrial vision in her right eye on July 7, 1943, and providing for compensation at the rate of $18 per week for a total of 100 weeks from the date of the injury. This agreement was approved by the compensation commission, and defendant made payments in accordance with its terms for the period referred to therein.

Early in 1945, plaintiff entered the employ of the Pittsburgh Die & Casting Company, at Swissville, Pennsylvania, where she worked until the middle

of June, 1945, when she quit because she caught her hand in a press and was fearful of further injury. Shortly thereafter she went to California where she was employed in a drug store for a short period in October. It is her claim that she quit this employment because of difficulty in distinguishing various pieces of money that she was required to handle in her work.

On November 27, 1945, plaintiff filed a petition for further compensation, in which she referred to the accidental personal injury sustained by her on July 7, 1943, and the compensation that had been paid under the agreement above mentioned. She stated further that since July 5, 1945, she had been disabled in the employment in which she was engaged at the time of the injury and was, for that reason, entitled to further compensation. She further alleged that her condition had become progressively worse, to such an extent that her earning capacity was thereby affected. Based on these averments she asked that she be granted such relief as "she is entitled to under the workmen's compensation law of Michigan." To this petition defendant filed its answer, asserting, among other defenses raised, that plaintiff was not entitled to relief because she had failed to give proper notice to defendant of the condition for which she sought compensation, and that she had not made proper claim therefor. A hearing before a deputy commissioner of the department of labor and industry resulted in an award to plaintiff of $18 per week for total disability, beginning June 6, 1945. On appeal the compensation commission modified the award in accordance with its finding that plaintiff had been totally disabled since July 1, 1945, and payment of compensation was ordered to begin from the later date. In other respects the commission's order af-

firmed the award of the deputy. From such order defendant has appealed.

After discussing the evidence in the case at some length the compensation commission summarized its findings as follows:

"We find that plaintiff has been totally disabled since July 1, 1945 as the result of the accidental personal injury she sustained on July 7, 1943 when employed by the Murray Corporation of America. We further find that plaintiff's disability is due to a definite pathology in the injured eye which is separate and apart from and in addition to that caused by the loss of vision in the right eye. We further find that such complications are not the usual and natural result of the loss of vision in an eye. We further find there is no relationship between the disabling symptoms and the loss of vision in the right eye except that both are due to the accident."

The commission also found specifically that there was no "pathology other than that caused by the direct injury to the right eye." Dr. Barnett, an ophthalmologist, testified in plaintiff's behalf, and stated that on an examination made by him he found that the lens had been removed from the eye, but the greater part of the capsule remained and had undergone degenerative changes resulting in the formation of little cysts. He testified further that these cysts might break, causing irritation and releasing fluid. It is plaintiff's claim in substance that the condition causing her disability at the time she filed her petition for further compensation manifested itself in headaches, irritation, and "tearing" of the eye.

The findings of fact set forth in the opinion of the compensation commission are supported by evidence and are, therefore, binding on the court. 2 Comp. Laws 1929, § 8451, as amended by Act No.

245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1946 Cum. Supp. § 17.186), *Tjernstrom* v. *Ford Motor Co.*, 285 Mich. 450; *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610; *Ryder* v. *Johnson*, 313 Mich. 702. On the basis of such finding the situation before us involves an injury to the eye, resulting, first, in immediate loss of vision, for which loss compensation has been paid, and, second, in the development and final manifestations of the condition for which plaintiff seeks further compensation in this proceeding.

Defendant does not question the specific findings of fact set forth in the opinion of the compensation commission. It contends, however, that the award made should be set aside because of plaintiff's failure to give defendant notice of the condition for which she sought compensation under her petition of November 27, 1945, and to file her claim based on such alleged condition within the time prescribed by statute. As before noted, both of these defenses were raised by the answer to plaintiff's petition. It is claimed that the provisions of 2 Comp. Laws 1929, § 8431 * (Stat. Ann. § 17.165), are applicable. Said section, as of the date of the injury, read as follows:

"Sec. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, within six months after said death; or, in the event of his physical or mental incapacity, within the first six months during which the injured employee is not physically or

---

* This section was amended by Act No. 245, Pub. Acts 1943, effective July 30, 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1946 Cum. Supp. § 17.165).

mentally incapacitated from making a claim: Provided, however, That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within three months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained: And provided further, That any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim, shall not be construed to be any part of the six months' limitation mentioned in this section: And provided further, That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the industrial accident board * as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board." *

It is argued by defendant, in effect, that since plaintiff's condition of total disability did not develop from the loss of vision of the eye, but rather

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and are administered by the compensation commission thereof and the board abolished.  See 2 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, §§ 8310, 8312, Stat. Ann. 1946 Cum. Supp. §§ 17.1, 17.3).—REPORTER.

from the original injury, the requirements of the section quoted with reference to the giving of notice and the filing of claim applied to plaintiff's claim. Emphasis is placed on the finding of the compensation commission that such disability "is due to a definite pathology in the injured eye which is separate and apart from and in addition to that caused by the loss of vision in the right eye." In effect, it is argued that the same notice was required to be given defendant of the condition set forth in plaintiff's petition as was prescribed by the statute with reference to original claims. Appellee insists that notice of the injury itself, following its occurrence, and the knowledge of defendant with reference thereto, constituted a sufficient compliance with the requirement of the section above quoted. Attention is called to decisions of this Court declaring the purpose of the notice to the employer. It has been pointed out therein that such purpose is to enable the employer to inquire into the alleged accident and injury while the facts are accessible, as well as to take steps that may minimize the loss. *Johnson* v. *Bergland Lumber Co.*, 231 Mich. 34; *Littleton* v. *Railway Co., Inc.*, 276 Mich. 41.

Defendant cites and relies on *Stackhouse* v. *General Motors Corp.*, 290 Mich. 249. In that case the plaintiff suffered an accidental injury resulting in the amputation of portions of the little finger and of the ring finger on his left hand. Pursuant to an approved agreement he was paid compensation therefor. Nearly four years later he filed a petition for further compensation, claiming that in the accident the middle finger of the left hand was also injured, and was in such condition at the time of the filing of the petition as to prevent the plaintiff from working at ordinary labor. It was also claimed that the ends of the stumps of the fingers partially am-

putated were sore and sensitive. In the original agreement for compensation, based on the partial loss of the two fingers mentioned; nothing was said concerning an injury to the middle finger. The department of labor and industry granted further compensation, but this Court reversed the award on the ground that the claim for compensation for the injury to the middle finger was not filed within the statutory period and, in consequence, the right to recover therefor was barred, citing 2 Comp. Laws 1929, § 8431, above quoted. It was further held that the tenderness of the stumps of the amputated fingers was a natural result of the amputation and, therefore, not compensable. The reasons for the conclusion reached as to the withholding of compensation for the injury to the middle finger were indicated in the following language:

"A claim for an injury not covered by an award or agreement for compensation is an original claim and must be filed within the time specified therefor. *Ehrhart* v. *Industrial Accident Commission of California,* 172 Cal. 621 (158 Pac. 193, Ann. Cas. 1917 E, 465); *Carrico* v. *Templeton Coal Co.,* 87 Ind. App. 145 (159 N. E. 695); *Miller* v. *National Roofing Co.,* 216 App. Div. 612 (215 N. Y. Supp. 547). A claim for a permanent injury or impairment sustained at the outset is an original claim, even though not considered in or covered by a prior award or agreement, and must be filed within the time required for the filing of an original claim. *Union Drawn Steel Co.* v. *Thompson,* 89 Ind. App. 380 (165 N. E. 258); *Denasoff* v. *Foundation Co.,* 86 Ind. App. 272 (155 N. E. 521); *Zeller* v. *Mesker,* 85 Ind. App. 659 (155 N. E. 520). And it is not covered by 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188). A claim for a specific injury is barred if not made within the required time, even though a claim for another and distinct injury arising out of the same accident was

timely filed. *Union Drawn Steel Co.* v. *Thompson, supra; Denasoff* v. *Foundation Co., supra; Zeller* v. *Mesker, supra; Murphy* v. *W. O. Cook Construction Co.,* 130 Kan. 200 (285 Pac. 604). See, also, 71 C. J. p. 1017.''

The opinion of the Court must be construed in the light of the facts under consideration. It is apparent that in the accident in which plaintiff Stackhouse was involved three fingers on his left hand were injured. In other words, the occurrence resulted in damage to each of the three members mentioned. Had there been an injury to one finger only, with two or more distinct results ensuing, the situation would be more analogous to the facts in the instant case than it actually is. Plaintiff's failure to call attention to the injury to the middle finger at the time of the settlement agreement under which compensation was paid to him was not explained. It must be assumed that he was aware, immediately following the accident, that three fingers had been injured, but for some reason he chose to say nothing at that time concerning the middle finger.

In the case at bar the total disability for which plaintiff sought compensation under her petition of November 27, 1945, was apparently not known to plaintiff, defendant, or the department of labor and industry, at the time the compensation agreement was made and approved in September, 1944. In fact, under the finding of the compensation commission, the condition of total disability actually began on July 1, 1945. Nor are we concerned with injuries to different members, or different parts of the body. There was but one injury to plaintiff's eye, which injury was caused by the piece of steel striking it, lacerating the cornea and causing, also, other damage, resulting finally in the degeneration of the capsule and the formation of the cysts described by

Dr. Barnett.  As before noted, there was, under the findings of the compensation commission, one injury with two distinct results.  Of such injury defendant had notice.  In the *Stackhouse Case* the plaintiff sought to recover for the results of an injury of which the employer did not have notice, and claim for compensation for which was not filed within the statutory period.

If the requirements of the statute above quoted are applicable to plaintiff's claim for compensation for total disability the award cannot be sustained. As stated the report of the accident and injury was filed by defendant on September 20, 1943.  The two-year period within which original claims for compensation are required to be filed, if applicable, began to run from that date.  *Tinney* v. *City of Grand Rapids,* 274 Mich. 364.  A claim subject to such a limitation as to time of filing is barred if presented to the department of labor and industry after expiration of the prescribed period.  *Peterson* v. *Fisher Body Co.,* 201 Mich. 529; *Anderson* v. *Ford Motor Co.,* 273 Mich. 522; *La Duke* v. *Consumers Power Co.,* 299 Mich. 625.  Under the facts in the instant case, however, we are unable to agree with defendant's contention that the decision in *Stackhouse* v. *General Motors Corp., supra,* is controlling. The case at bar does not involve distinct injuries sustained in an accident, but rather two results of a single injury.  The department of labor and industry acquired jurisdiction of the case by virtue of the original proceedings taken before it.  Such jurisdiction continued for the purpose of further proceedings for compensation as the development of conditions, brought about by the original injury, might require.  The statute in question did not impose on the plaintiff the duty of giving notice of such further development nor did it require plain-

tiff's claim for further compensation based thereon to be presented within a prescribed period, as contended by defendant. The requirements in said section as to notice to the employer, and the limitations with respect to filing claims, did not apply. In *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313, 319, it was said:

"Counsel for defendant next contend that plaintiff's claim is barred by the statute of limitations (3 Comp. Laws 1929, § 13976 *). The limitation within the compensation act, 2 Comp. Laws 1929, § 8431, does not apply, as it relates only to notice of the injury and the making of the first claim. Plaintiff's disability was continuous and so would not come within the two-year limitation. The statute does not provide any limitation for the making of claims for further compensation under 2 Comp. Laws 1929, § 8453.† These may be made whenever there has been a change in the physical condition of the plaintiff."

Other decisions indicating the circumstances under which a petition for further compensation may be made are *West* v. *Postum Co., Inc.*, 260 Mich. 545; *Wilson* v. *Tittle Brothers Packing Co.*, 269 Mich. 501; *Kubiak* v. *Briggs Manfg. Co.*, 286 Mich. 329. See, also, annotation to *Nelson* v. *Cambria Coal Co.*, 178 Tenn. 389 (158 S. W. [2d] 717, 160 S. W. [2d] 412), as reported in 165 A. L. R. 1.

The opinion of the compensation commission made no mention of the claims of the defendant based on the statute above quoted. It is contended, therefore, that such defenses were ignored, although pleaded in defendant's answer. In determining that plaintiff was entitled to an award it may be assumed that the commission took into account all facts

---

* Stat. Ann. § 27.605.—Reporter.
† Stat. Ann. § 17.188.—Reporter.

established by the evidence and the department file in the case, and that due consideration was given arguments of counsel based on the record. In the absence of any specific determination by the commission of a matter in controversy this Court is entitled to look to the record for the purpose of determining if the conclusion evidenced by the award was supported by evidence. *Thayer* v. *Berkey & Gay Furniture Co.,* 220 Mich. 332; *Goines* v. *Kelsey Hayes Wheel Co.,* 294 Mich. 156; *Criss* v. *Taylor Produce Co.,* 313 Mich. 457. There is, however, no dispute with reference to the facts pertaining to the defenses urged in this Court. Under such facts the provisions of the statute relied on by defendant were not a bar to the granting of compensation to plaintiff for the total disability found to exist.

The award is affirmed, with costs to plaintiff.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.